UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: 6:05-cv-1002-ORL-28-JGG

**JEANETTE McMAHON**, as Personal
Representative of the Estate of Michael
McMahon, **TRACY GROGAN**, as Personal
Representative of the Estate of Travis
Grogan, and **SARAH MILLER**, as
Personal Representative of the Estate of
Harley Miller,

    *Plaintiffs,*

-vs.-

**PRESIDENTIAL AIRWAYS, INC.**, a Florida
corporation, **AVIATION WORLDWIDE
SERVICES, LLC**, a Florida limited liability
company, **STI AVIATION, INC.**, a Florida
corporation, **AIR QUEST, INC.**, a Florida
corporation,

    *Defendants.*
_____/

PLAINTIFFS' MOTION TO REMAND AND
INCORPORATED MEMORANDUM OF LAW

Plaintiffs, Jeanette McMahon, Tracey Grogan, and Sarah Miller, pursuant to 28 U.S.C. § 1447(c), respectfully move this Court for an Order remanding this case to the Circuit Court, Eighteenth Judicial Circuit, in and for Brevard County, Florida, and in support of this motion, Plaintiffs would show:

1

## INTRODUCTION

1.      This action arises out of the death of Plaintiffs' decedents who were American soldiers serving in the conflict in Afghanistan. The decedents gave their lives in the service of their country when the civilian airplane owned and operated by the Defendant corporations crashed into the Hindu Kush mountainside while transporting the decedents on a non-combat flight from Bagram Air Base to Farah, Afghanistan. According to incident reports, the crash occurred on a clear day without any indication of mechanical problems, inclement weather, or hostile action from opposing forces. From all accounts, this tragic incident occurred when the civilian pilots, who had only been "in country" for a short time and not previously flown the accident route, misjudged their ability to clear a 16,580 foot mountain and slammed into the mountain at approximately 14,650 feet, killing all six persons aboard.

2.      Plaintiffs filed their Complaint in state court on June 10, 2005, and asserted claims pursuant to the Florida Wrongful Death Act, § 768.16, et. seq., Fla. Stat.

3       Plaintiffs allege in their Complaint that: (a) the Defendants contracted with the United States to provide air transportation and operational support services to the Department of Defense in Afghanistan; (b) on or about November 27, 2004, the Plaintiffs' decedents were passengers on an aircraft operated by the Defendants pursuant to such air transportation and operational support services provided by Defendants; (c) the subject aircraft was owned, operated and/or maintained by one or more of the Defendants; (d) the civilian flight crew was employed by one or more of the Defendants; and (e) as a result of the negligence of the Defendants in the performance of the subject flight, the aircraft crashed into a mountain, causing the deaths of the American servicemen.

4. On July 6, 2005, the Defendants filed their Notice of Removal, removing this action to federal court pursuant to the following jurisdictional provisions:

   a. 28 U.S.C. § 1331 - federal question jurisdiction.

   b. 28 U.S.C. § 1332 - diversity jurisdiction.

   c. 28 U.S.C. § 1346 (b) (1) - federal jurisdictional claims against the United States for personal injury or death caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of his office or employment.

   d. 28 U.S.C. § 1442 (a) (1) - federal jurisdiction of claims against persons acting under officer of the United States or agency thereof.

5. Plaintiffs move to remand this action to state court on the grounds that the Defendants have failed to establish, by clear and convincing evidence, that this Court has federal question jurisdiction over the claims asserted by the Plaintiffs herein, as well as on the basis that Defendants have improperly removed this case on diversity jurisdiction grounds. Specifically, removal in this case is not justified based upon diversity jurisdiction, federal question jurisdiction, "enclave jurisdiction", federal jurisdiction pursuant to the "complete preemption" doctrine, jurisdiction based upon a claim against a person acting under an officer of the United States or agency thereof pursuant to 28 U.S.C. § 1442 (a) (1), or on any other basis. The claims asserted by Plaintiffs are based upon Florida state law and there is simply no rationale for this Court to exercise federal jurisdiction. This Court should, therefore, remand this case to state court and should award Plaintiffs costs and fees incurred as a result of the improper removal of this case under the authority of 28 U.S.C. § 1447 (c).

## MEMORANDUM OF LAW

6. Defendants assert numerous grounds in support of their removal of this action to federal court.[1] Careful analysis of each of the Defendants' assertions demonstrates that this Court lacks jurisdiction. Thus, removal was improper and this case should be remanded to state court.

### A. Burden of Proof

7. In determining whether an action is properly removable, or whether it should be remanded to state court, the Court must first look to the allegations of the Notice of Removal. Where the notice set forth facts which, if true, are legally insufficient to support removal, the case must be remanded. In this regard, the removing party bears the initial burden of adequately alleging jurisdiction on removal. *Bell v. Taylor*, 509 F. 2d 808 (5th Cir. 1975).

---

[1] The basis for Defendants' assertions of federal jurisdiction over this matter is confusing at best. Defendants assert numerous different grounds at various points of their Notice of Removal which they claim confer federal jurisdiction over Plaintiffs' state law wrongful death claims. For example, in paragraph 27 of the Notice of Removal Defendants assert original federal court jurisdiction based upon: (a) complete diversity of citizenship; (b) violations of Federal Aviation Administration and Department of Defense regulations by a government contractor raise substantial questions of federal law; and (c) some of the tortious conduct by Defendants occurred at a foreign air base where the United States was exercising jurisdiction. (See ¶ 27 of Petition for Removal). In paragraph 28 Defendant's claim jurisdiction over this matter because defendant Presidential qualifies as a person acting under an officer of the United States or agency thereof. (See ¶ 28 of Petition for Removal). In paragraph 29 they also assert that removal is proper because they have available various defenses to Plaintiffs' claims based upon federal law, including the government contractor defense, the Feres Doctrine and the combat in foreign country exceptions to the Federal Tort Claims Act (28 U.S.C. § 2680 (j) (k)). (See ¶ 29 of Defendants' Petition for Removal). Finally, Defendants assert, in paragraph 30, that substantial questions of federal law will be at issue in this case including: (a) issues of federal court jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 (b) (1); (b) whether Plaintiffs' claims are barred by the Feres Doctrine; (c) whether the combat or foreign country exceptions to federal tort claim precludes plaintiff suit; (d) whether the government contractor defense bars recovery; (e) whether punitive damages and prejudgment interest are available; and (f) whether the benefits paid as a result of the decedents' deaths as active duty servicemen killed in the line of duty precludes Plaintiffs' suit. (See ¶ 30 of Notice of Removal).

8. The Defendants' allegations set forth in the Notice of Removal are legally insufficient to establish the existence of federal jurisdiction to support removal in this case. Therefore, the Defendants have failed to meet their initial burden of proof to justify removal based on federal jurisdiction.

9. Where the removal allegations are legally sufficient and the plaintiff challenges those allegations, the Court must then make factual determinations as to whether federal jurisdiction exists. *See, e.g. Kaslov. City of Meridian* 360 F. 2d 282 (5th Cir. 1966), *see also Wright v. Continental Casualty Co.*, 456 F. Supp. 1075 (M.D. Fla. 1978). The burden of proof is on the defendant to present evidence proving the allegations. *See*, *Wright, supra*. at 1078, (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L. Ed. 1135 (1936)).

10. In this case, not only are Defendants' jurisdictional allegations legally insufficient, but Plaintiffs challenge such allegations. Accordingly, it is the Defendants' burden to present evidence proving the allegations upon which the claim of federal jurisdiction is based. Defendants are unable to meet this burden and, therefore, this Motion for Remand should be granted.

**B. Removal based upon diversity jurisdiction is improper.**

11. Defendants allege that removal is proper because this Court has diversity jurisdiction over Plaintiffs' claims. (See ¶ 27 of Notice of Removal). However, it is clear that removal of this case pursuant to 28 U.S.C. 1441 (b) is improper. In fact, Defendants acknowledge, at footnote 2 on page 3 of the Notice of Removal, that removal based upon diversity jurisdiction is not permissible by reason of the fact that four of the named Defendants are citizens of Florida. Section 1441(b) of 28 U.S.C. permits removal based upon diversity only where none of the parties properly joined as Defendants are citizens of the state in which the action is brought. Here, with the agreed upon

dismissal of Blackwater Lodge & Training Center, Inc., all four of the named Defendants are citizens of the State of Florida. (*See* 6:05-cv–10020-ORL-28JGG Order Dated August 1, 2005). Therefore, Removal based upon diversity jurisdiction is improper.

### C. Plaintiffs' claims do not arise under the Constitution, treaties or laws of the United States, nor are they completely preempted by federal law.

12. Defendants also allege that removal is proper because Plaintiffs' claims are founded on a claim or right arising under the Constitution, treaties or laws of the United States and on the basis of the complete preemption doctrine which allows removal under 28 U.S.C. § 1441. Both of these assertions raise similar issues and thus will be addressed together.

13. The Defendants claim that the issues in this case include:

(a) whether the United States District Courts, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), have exclusive jurisdiction over actions for the deaths of active duty servicemen incident to service against a government contractor performing in a war region a function traditionally performed by the military;

(b) whether the *Feres* Doctrine precludes suits for the deaths of active duty servicemen against a government contractor performing in a war region a function traditionally performed by the military;

(c) whether the Combat or Foreign Country Exceptions to the Federal Tort Claims Act preclude suits for the deaths of active duty servicemen against a government contractor performing in a war region a function traditionally performed by the military,

(d) whether the Government Contractor Defense bars recovery for the death of active duty servicemen from a government contractor performing in a war region a function traditionally performed by the military;

(e) whether punitive damages and prejudgment interest may be assessed against a government contractor performing in a war region a function traditionally performed by the military when such damages and interest are barred by the Federal Tort Claims Act; and

    (f) whether the benefits provided to active duty servicemen killed in the line of duty are exclusive of any right to sue or recover from a government contractor performing in a war region a function traditionally performed by the military.

(Defendants' Notice of Removal ¶ 30).

  14. These "issues" identified by Defendants are, at most, defenses to Plaintiffs' claims. The fact that the Defendants claim to have available defenses based upon federal law, a claim which Plaintiffs contest, does not support removal. Similarly, none of the "issues" raised by Defendants establish complete preemption of Plaintiffs' state law claims to support removal based upon complete preemption jurisdiction.

  15. In this case, it is clear that Plaintiffs' Complaint does not assert any cause of action based upon federal law. Rather, it merely asserts state claims based upon the Florida Wrongful Death Act. The fact that the Defendants claim to have available defenses based upon federal law, which Plaintiffs challenge as inapplicable, does not demonstrate a valid basis for removal to federal court. It is well established under applicable law that the existence of a defense based upon a federal statute is insufficient to invoke federal jurisdiction. *See, e.g. Rhymes v. Arrow Air, Inc.*, 636 F.Supp, 737 (S.D. Fla. 1986); *Franchise Tax v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983); *Hunter v. United Van Lines*, 746 F. 2d 635 (9th Cir. 1984). Accordingly, even if Defendants have available affirmative defenses based upon federal law, such defenses clearly cannot form the basis for removal to federal court.

  16. Similarly, the Defendants have failed to establish that the complete preemption doctrine applies in this case. The complete preemption doctrine permits the exercise of federal court jurisdiction over a claim couched in terms of state law <u>only</u> where the area of state law at issue has been <u>completely preempted</u>. Under this doctrine, a claim purportedly based on the preempted state

law is considered a federal claim arising under federal law. *See, e.g.*, *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). The *Caterpillar* Court first recognized the "well pleaded complaint rule" which holds that federal jurisdiction only exists where a federal question is presented <u>on the face of the complaint</u>. The Court then noted that a case may not be removed on the basis of a federal defense, including a defense of federal preemption, unless it is clear that federal law completely preempts Plaintiffs' state law claims. *Id*. at 386. The *Caterpillar* Court ultimately rejected the claim that plaintiffs' state law claims for breach of employment contracts were preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which provides federal jurisdiction over suits alleging violations of collective bargaining agreements. *Id*. at 395. The Court held that the state law breach of contract claims were not completely preempted by the federal act and, therefore, the state law claims were not removable to federal court. *Id*. at 399.

17. Similarly, in the instant case, Defendants have failed and are unable to establish that Plaintiffs' state law wrongful death claims are completely preempted by any federal statute to permit removal.

18. Further, the fact that the Plaintiffs' Complaint alleges that the Defendants were negligent for failing to comply with applicable federal aviation regulations does not convert Plaintiffs' state law claims into federal causes of action. The mere fact that Plaintiffs have pled violations of federal aviation standards as evidence of the Defendants' negligence does not give rise to a claim arising under the Constitution, treaties, and laws of the United States to permit removal based upon federal question jurisdiction. *See*, *Wright v. Bond Air Ltd.*, 930 F.Supp. 300 (E.D. Mich. 1996) (quoting *Merrell Dow Pharmaceuticals v. Thomas*, 478 U.S. 804, 817 (1986)).

19. Finally, the Defendants quote, without analysis, language from the recent Supreme Court decision *Grable & Sons Metal Prod. Inc. v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363; 162 L. Ed. 2d 257; 73 U.S.L.W. 4501 (June 13, 2005). (Defendants' Motion for Removal ¶ 32). While *Grable* is instructive on the standard for removal on federal question jurisdiction, the case does not support removal of Plaintiffs' claims. This case does not involve the same type of a contested federal issue addressed in Grable's cause of action. In fact, no federal issue is contested in this case.

20. In *Grable*, the Supreme Court held the sufficiently substantial national interest in providing a federal forum for federal tax litigation supported exercising federal question jurisdiction over Grable's state law claim. *Grable*, 125 S. Ct. at 2365. The IRS had seized Grable's property to satisfy delinquent federal taxes. *Id.* at 2366. Grable received notice of the seizure, yet did not exercise its right to redeem the property within 180 days. *Id.* The land was subsequently sold to Darue by the IRS and Grable brought a state quiet title action on the basis that it did not receive notice of the seizure as required by federal statute. *Id.* Darue thereafter removed the action arguing that the claim presented a federal question because title to the property required the interpretation of disputed federal tax law. *Id.*

21. Upon motion for remand, the Court recognized that removal of a state law claim is proper for causes of action arising under the Constitution, treaties and law of the United States. *Id.* at 2367. The Court further found that this concept has been narrowed by several decisions and noted that, in order to establish federal jurisdiction, a contested and substantial federal issue must be involved. *Id.* The cause of action may still not be worthy of federal jurisdiction, however, if Congress has put the burden on the states to decide such issues. *Id.*

22. The Court determined Grable's state law claim warranted federal jurisdiction because

it revolved around a contested and substantial federal issue that required a federal forum for resolution. Whether Grable received proper notice under the federal statute was an essential element to its quiet title action. *Id.* at 2368. Further, courts around the country disputed the meaning of the statute at the time. *Id.* Those facts warranted litigation in federal court.

23. Unlike *Grable*, the Plaintiffs' complaint under Florida's Wrongful Death Act does not involve a significant contested and substantial federal issue. The Defendants' violation of federal aviation standards is merely evidence of the Defendants' negligence. This case does not require the interpretation of a federal statute. Rather, it requires a determination of whether the Defendants' negligence by not living up to federal aviation standards caused the death of three young servicemen. Unlike the statute in *Grable*, the meaning and effect of the federal aviation standards are not in dispute. No federal issue is in dispute. Thus, *Grable* does not justify removal of this case.

24. In summary, removal of this action to federal court based upon allegations of federal question jurisdiction and/or the complete preemption doctrine was improper and remand of this action is required. Defendants have failed to establish, and are unable to establish, that any federal law completely preempts Plaintiffs' state wrongful death claims. Similarly, the fact that the Defendants claim to have available federal defenses clearly does not give rise to federal jurisdiction. Accordingly, Plaintiffs are entitled to the remand of this action to state court.

**D. The doctrine of enclave jurisdiction does not create federal jurisdiction in this case.**

25. Defendants also assert that removal of this civil action is proper under 28 U.S.C. §§ 1441 and 1446 because of "enclave jurisdiction." The doctrine of enclave jurisdiction is based upon Article I, Section 8, Clause 17 of the United States Constitution which confers on Congress the power:

>to exercise exclusive legislation in all cases whatsoever, over such District (not exceeding ten miles square) as may, by cession of particular states, and the acceptance of Congress, become the seat of the government of the United States, and to exercise like authority over all places purchased by the consent of the legislature of the state in which the same shall be, for erection of forts, magazines, arsenals, dockyards, and other needful buildings...

This power was used to establish the District of Columbia and certain military bases within the various states, and to reserve land for federal control within the states. Where federal enclave power exists, actions arising in that jurisdiction may be removed to federal court. *Mater v. Holley*, 200 F.2d 123, 124 (5th Cir. 1982); *Lord v. Local Union No. 2088, IBEW*, 481 F. Supp. 479 (M.D. Fla. 1979), *affirmed in part, reversed in part*, 646 F.2d 1057, 1059 (5th Cir. 1981).

26.     In this case, enclave jurisdiction, as established by the United States Constitution, does not apply. Enclave jurisdiction only pertains to those portions of the <u>states</u> which are controlled exclusively by the federal government for federal purposes. It does not apply to those portions of foreign countries where the United States military may have a presence unless there is a specific treaty with that country.

27.     Defendants have not identified or established the existence of any treaty or other agreement between the United States government and Afghanistan for the exclusive use and control of the Bagram Air Base by the United States government. The Defendants do not provide any citation of authority to support the creation of some new form of "enclave jurisdiction" applicable to the Bagram Air Base which would establish exclusive federal jurisdiction over the Plaintiffs' causes of action.

28.     Further, to the extent that some form of "enclave jurisdiction" were applicable to the Bagram Air Base, which Plaintiffs would challenge as unsupportable by either the facts or the law, such jurisdiction would not extend to the subject matter of this action. The negligence for which the Defendants are being sued did not occur on the air base but, rather, in the forbidding mountains west of Bagram. Enclave jurisdiction would not extend federal jurisdiction to the Plaintiffs' causes of action arising out of negligent operation of the subject civilian aircraft by civilian personnel.

29.     The Defendants have not alleged sufficient facts to meet the burden of proof necessary to establish federal jurisdiction of this case based on enclave jurisdiction. *See Wright v. Continental Casualty Co.*, 456 F.Supp. 1076, 1077-1078 (M.D. Fla. 1976) (holding once the plaintiff asserts that removal is improper, the defendant bears the burden of proof to show that removal is proper). Therefore, removal of this action pursuant to 28 U.S.C. §§ 1441, 1442 and 1446 is improper.

### E. Presidential is not a "person acting under an Officer of the United States".

30.     Defendants assert that removal of this action is proper under 28 U.S.C. §§ 1441, 1442, and 1446 because Presidential is allegedly a person acting under an officer of the United States. Section 1442(a)(1) of 28 U.S.C. provides that an action in state court is removable to federal court if the person or entity sued is acting under an officer of the United States. In this case, however, Presidential was not acting under an officer of the United States.

31.     For a government contractor to remove a state law claim to federal court as a person acting under an officer of the United States, the contractor must prove (1) that it acted under the direction of an officer of the United States in the performance of its contracted duties and (2) that

it can satisfy the three elements of the federal contractors defense set forth by the Supreme Court in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988). *See*, *Snowdon v. A.W. Chesterton Co.*, 366 F.Supp. 2d 157, 161 - 62 (D.Me. 2005).

32. Defendants have not satisfied either prong of this test. With regard to the first prong, a contractor is acting under an officer of the United States only when the act for which it is being sued has a "federal nexus" with the directives of an officer of the United States. *Ryan v. Dow Chemical Co.*, 781 F. Supp 934, 945 (E.D.N.Y. 1992). Merely following vague directives to provide a service is not sufficient to establish a nexus between the acts being sued upon and the direction of an officer of the United States. *Guillory v. Ree's Contract Service, Inc.*, 872 F. Supp. 344, 348 (S.D. Miss. 1994). In *Guillory*, the plaintiff sued the defendant for negligently failing to provide security and protection from injury and harm. 872 F.Supp. at 354. The defendants were under orders to conduct security patrols of the building, respond to emergencies, and perform duties as directed by the guard supervisor. *Id.* at 347. The United States District Court for the Southern District of Mississippi held that these duties were merely under the general oversight of an officer of the United States and did not demonstrate the detailed oversight necessary for removal. *Id.* at 348.

33. Similarly, Defendants herein merely allege that Presidential followed general orders from the U.S. Transportation Command "to provide aircraft, crews, and infrastructure to provide airlift transportation" and follow general regulations concerning training and aircraft maintenance. (Defendants' Notice of Removal ¶ 10, 13). These directives simply do not rise to the level of detailed oversight required for removal under 28 U.S.C. § 1442(1)(a). The aircraft was under the sole control of the Defendants' employees. Officers of the United States did not directly control the actions of the aircraft when the three young men lost their lives in the Afghan mountains.

34. Further, Presidential asserts that the Military's Air Mobility Division was required to designate Quality Assurance Personnel at Bagram Air Base who were responsible for scheduling daily missions with Presidential. (Defendants' Notice of Removal ¶ 12). Even if scheduling daily flights might possibly fall within the category of detailed oversight, it is not the conduct for which Presidential is being sued.

35. Rather, as Plaintiffs assert in paragraph 39 of their Complaint, the Defendants are alleged to have negligently breached their duty by, among other things, failing to:

   (a)   provide an appropriately experienced flight crew;

   (b)   conduct formal route studies;

   (c)   establish a proper flight plan and safe and specific route of flight;

   (d)   supervise route planning;

   (e)   plan and execute the flight;

   (f)   maintain sufficient air speed and altitude so as to prevent a stall; and

   (g)   properly equip the aircraft with adequate safety and communication equipment.

36. These actions fall within the discretion of Presidential and its employees and are not the subject of the detailed specification and oversight on the part of the government or its officers necessary to establish jurisdiction pursuant to 28 U.S.C. § 1442 (1) (a). The Defendants must carry the burden of proof after a motion to remand if Plaintiffs' Complaint contradicts the assertions in the Defendants Notice of Removal. *Wright*, 456 F.Supp. at 1078. Defendants have not produced evidence indicating a "federal nexus" between the actions for which they are being sued and any

directives from an Officer of the United States. Defendants have merely made numerous vague, general allegations of certain government requirements imposed upon Presidential under the subject contract, which allegations are not supported by record evidence and do not, in any event, rise to the level necessary to establish federal jurisdiction. Therefore, Defendants have not demonstrated that Presidential is a person acting under an officer of the United States and have failed to satisfy the first prong of the test to determine entitlement to removal under 28 U.S.C. § 1442(1)(a).

37.     Finally, as set forth above, in order to establish federal court jurisdiction under 28 U.S.C. § 1442 (1) (a), the defendant must also satisfy the three elements of the federal contractor's defense. *See*, *Boyle*, *supra*; *Wright*, *supra*. at 1077 - 78. Defendants herein have failed to meet the second prong of this test by failing to establish entitlement to the benefit of the government contractor's defense. In this regard, the Eleventh Circuit recently applied the *Boyle* test to service contracts with the government in *Hudgens v. Bell Helicopters*, 328 F.3d 1329 (11th Cir. 2003). The Court held that, in order to benefit from the government contractor defense, a contractor must prove (1) the United States approved reasonably precise procedures; (2) the contractor's performance conformed to those procedures, and (3) the contractor warned the United States about dangers arising out of compliance with those procedures that were known to the contractor but not the United States. *Hudgens*, 328 F.3d at 1335. In this case, the Defendants have not demonstrated even one of the elements the government contractor defense.

38.     Defendants have failed to show that there existed reasonably precise procedures for the performance of their contractual duty. In the absence of such proof, Defendants are not entitled to the government contractors defense.

39.     Certainly, the controlled flight of an aircraft into a mountainside cannot be characterized as complying with any governmental procedure or specification. Defendants' bare allegations concerning compliance with general government specifications are not sufficient to establish the existence of federal jurisdiction where the allegations in the complaint contradict them. *Wright,* 456 F.Supp. at 1078. Here, the allegations in Plaintiffs' Complaint clearly contradict the Defendants' claim that they are entitled to the government contractor's defense. The Complaint alleges, among other things, that the Defendants breached their duty because they did not follow the proper procedure outlined in 32 C.F.R. § 861 (2005) (DoD Commercial Air Transportation Quality and Safety Review Program). (Complaint ¶ 39). This contradicts the Defendants' unsupported assertion in their Motion to Remand ¶ 29 that they complied with the reasonably precise specifications of the Government. Therefore, the Defendants must produce evidence indicating that they conformed to the precise government specifications to qualify for federal jurisdiction. *Id.* In the absence of such evidence, removal based on the unsupported allegation that the Defendants were persons acting under an Officer of the United States or agency thereof is inappropriate.

## CONCLUSION

It is clear in this case concerning the premature and preventable deaths of American servicemen that Defendants have not met the burden necessary to justify removal to federal court. They have not proved entitlement to removal based on diversity or that the Plaintiffs' claims arise under the Constitution, treaties or laws of the United States or are completely preempted by federal statute, that the negligent conduct occurred on a federal enclave, or that Presidential is a person acting under an officer of the United States. This action should properly be litigated in state court. Florida courts are well suited to decide the issues raised by Plaintiffs' state law claims and are fully

16

capable of addressing any federal issues which may arise during the course of litigation. Therefore, the Plaintiffs respectfully request that this Court remand this case to state court.

## LOCAL RULE 3.01(G) CERTIFICATE

Pursuant to Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida, counsel for the Plaintiffs telephoned counsel for Defendants and was informed that Defendants' counsel opposed this motion.

## REQUEST FOR AWARD OF COSTS

Plaintiffs respectfully request that this Court require the Defendants to pay all costs and actual expenses, including attorneys' fees incurred by Plaintiffs as a result of Defendants' improper removal of this case pursuant to 28 U.S.C. § 1447(c).

Respectfully Submitted, this  4th  day of August, 2005.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 4th , 2005, the foregoing Motion to Remand was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

**Jonathan M. Stern**, Esquire, jstern@schnader.com
**Douglas R Beam**, Esquire, beamlaw1@aol.com

    **I FURTHER CERTIFY** that I mailed the foregoing document and the notice of electronic filing by first Class Mail to the following non-CM/ECF participants.

**Tracey L. Dolin, Esquire**

Schnader, Harrison, Segal & Lewis, LLP

1600 Market Street, Suite 3600

Philadelphia, PA 19103-7286

**J. Denny Shupe, Esquire**

Schnader, Harrison, Segal & Lewis, LLP

1600 Market Street, Suite 3600

Philadelphia, PA 19103-7286

                                         **Spohrer, Wilner, Maxwell & Matthews, P.A.**

                                          By: S/ Robert B. Guild
                                              ROBERT F. SPOHRER, Esq.
                                              Florida Bar No: 184500
                                              rspohrer@swmmlaw.com
                                              and
                                              ROBERT B. GUILD, Esq.
                                              Florida Bar No: 371981
                                              rguild@swmmlaw.com
                                              701 West Adams Street, Suite 2
                                              Jacksonville, Florida 32204
                                              Telephone:   (904) 354-8310
                                              Facsimile:    (904) 358-6889

                                              and

                                              NED GOOD, Esq.
                                              Good, West & Schuetze, P.A.
                                              California Bar No. 23129
                                              Nedgoodlaw@aol.com
                                              70 South Lake Avenue
                                              Suite 600
                                              Pasadena, California 91101
                                              Telephone:   (626) 440-0000
                                              Facsimile:    (626) 449-0214
                                              **Attorneys for Plaintiffs**