UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEANETTE McMAHON, as Personal
Representative of the Estate of Michael
Mcmahon; TRACY GROGAN, as Personal
Representative of the Estate of Travis
Grogan; and SARAH MILLER, as Personal
Representative of the Estate of Harley
Miller,

Plaintiffs,

-vs-                          Case No. 6:05-cv-1002-Orl-28JGG

PRESIDENTIAL AIRWAYS, INC.,
AVIATION WORLWIDE SERVICES,
LLC, STI AVIATION, INC., AIR QUEST,
INC., BLACKWATER LODGE &
TRAINING CENTER, INC.,

Defendants.

## ORDER

This cause came on for consideration without oral argument on the following motion:

| MOTION: | PLAINTIFF'S MOTION TO COMPEL DISCOVERY (Doc. No. 39) |
|---|---|
| FILED: | December 12, 2005 |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part without prejudice.

Plaintiffs move to compel the depositions of Robert Gamache, Kevin McBride, Hans Nobles, Rick Furby, and Erik Prince. Plaintiffs have not issued a notice of deposition or subpoenas for any of these individuals. Rather, Plaintiffs complain that Defendants have not cooperated in scheduling

the depositions. Plaintiffs also move to reopen the deposition of Timothy Childrey due to changes made to his deposition testimony by submission of an errata sheet. For the reasons set forth below, Plaintiffs' motion to compel is granted in part and denied in part without prejudice.

**1.     Plaintiffs Failure to Notice the Depositions or Subpoena Witnesses**

Plaintiffs move to compel pursuant to Fed. R. Civ. P. 30 and 37. Rule 30(a)(1) provides that the attendance of witnesses may be compelled by subpoena as provided in Rule 45. Rule 30(b) requires a party desiring to take a deposition to give written notice of the deposition. Further, the Court may enter an order compelling attendance of a party or an officer, director, or managing agent of a party who fails to appear for a deposition after being served with proper notice. Fed. R. Civ. P. 37(d).

No subpoena is unnecessary to require officers, directors or managing agents of a corporate party to attend a deposition. Although most corporate litigants voluntarily produce subordinate employees, if the corporate party refuses to produce the person, the person must be subpoenaed. *See, e.g., In re Honda Am. Motor Co., Inc. Dealership Relations Litig.*, 168 F.R.D. 535, 540 (D. Md. 1996) ("Only a party to the litigation may, of course, be compelled to give testimony pursuant to a notice of deposition. . . . If an examining party fails to meet its burden [of proving that a deponent is a managing agent], it must resort to Fed. R. Civ. P. 45 for subpoenas on non-party witnesses."); *Colonial Capital Co. v. Gen. Motors Corp.*, 29 F.R.D. 514 (D. Conn. 1961) (granting motion to vacate deposition notices to subordinate employees).

Defendants claim that four of the five individuals Plaintiffs wish to depose (Gamache, McBride, Nobles, and Furby) are independent contractors, whom Defendants do not "control." Plaintiffs contend that these individuals are "employees," but do not specifically assert that the individuals are officers, directors or managing agents of the corporate defendants. The Court has been provided with no information to determine whether the persons are independent contractors or employees.

In this case, there is no basis for an order compelling attendance at a deposition because no notices of deposition were ever issued. Further, if the individuals are not officers, directors or managing agents of Defendants, subpoenas are necessary. The motion to compel, therefore, is denied without prejudice.

It appears, however, that Defendants may be hiding witnesses by refusing to disclose when they will be in the United States and where process may be served. Also, Defendants apparently are being uncooperative in scheduling depositions of these individuals.[1] No later than February 1, 2006, Defendants are ordered to provide to Plaintiffs the dates when Gamache, McBride, Nobles, and Furby will be in the United States, where process may be served if Defendants are unwilling or unauthorized to accept service of process, and dates that defense counsel is available for deposition during a time when these individuals are in the United States.

---

[1] *See Middle District Discovery Handbook* (9/4/01) at 5 ("A courteous lawyer is normally expected to accommodate the schedules of opposing lawyers. In doing so, the attorney should normally pre-arrange a deposition with opposing counsel before serving the notice. If this is not possible, counsel may unilaterally notice the deposition while at the same time indicating a willingness to be reasonable about any necessary rescheduling.").

2.  **Deposition of Erik D. Prince**

Plaintiffs move to depose Erik Prince. Defendants' reply opposes the motion and requests a protective order. Erik Prince is the President of EPI Investments, LLC ("EPI"). EPI is not a party to the complaint, however, EPI is the sole owner of Defendant Aviation World Services ("AWS"). Prince also is Chairman & CEO of Blackwater Lodge and Training Center, Inc. ("Blackwater"). Blackwater is the "sole manager" of Defendant AWS, though it is uninvolved in AWS's daily operations or management. Prince also serves on the Board of Directors for Defendants Presidential Airways, Air Quest, Inc. and STI Aviation (all subsidiaries of AWS). Prince has filed a declaration in which he avers that he is not personally involved in the daily operations or management of any of the defendants, and that he has no first-hand knowledge of the underlying facts at issue in the litigation.

A protective order precluding the deposition of a high-ranking executive officer will be granted where the officer possesses no unique knowledge regarding the underlying facts of the action and files a declaration stating his or her lack of knowledge. *See, e.g., Thomas v. IBM*, 48 F.3d 478, 483 (10th Cir. 1995) (affirming the grant of a protective order precluding the deposition of the chairman of the Board of Directors of IBM because the chairman had no knowledge of the employee claiming age discrimination or knowledge of the employee's work and signed an affidavit to that effect); *Evans v. Allstate Ins. Co.*, 216 F.R.D. 515, 519 (N.D. Okla. 2003) (granting protective order precluding depositions of executive officers where they filed affidavits disavowing any personal knowledge of the facts of the action). An officer at the apex of the corporation can only be deposed if he or she has unique

knowledge or the subject matter requested in deposition was pursued unsatisfactorily through less intrusive means. *See, e.g., Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (affirmed protective order because the plaintiff sought to depose the president in the first instance before lower level employees, and because the trial court had provided that plaintiff could take the deposition if the testimony of other Upjohn employees with more knowledge proved unsatisfactory); *In Mulvey v. Chrysler Corp.*, 106 F.R.D. 364, 366 (D.R.I. 1985) (protective order preventing deposition of Chrysler president, Lee Iacocca, was granted because Iacocca signed an affidavit expressing ignorance of the facts sought by the plaintiff; prior to allowing deposition, plaintiff would have to serve interrogatories to determine the true state of Iacocca's knowledge).

Plaintiffs apparently want to depose Prince to obtain information regarding the flow of profits from Defendant AWS and other financial dealings between EPI and AWS. (Docket 39 at 8-10.) Plaintiffs make no showing how such information is relevant to a claim or defense in the action and Plaintiffs appear to seek discovery in furtherance of a judgment they have not yet obtained. If true, the discovery is improper at this stage of the litigation. *See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426 (M.D. Fla. 2005).

In addition to Plaintiffs failure to notice Prince's deposition or to serve him with a subpoena, Plaintiffs have failed to demonstrate that Prince possesses relevant information or that the information cannot be obtained less intrusively. Therefore, the motion to compel is denied without prejudice.

Case 6:05-cv-01002-JA-GJK   Document 64   Filed 01/18/06   Page 6 of 9 PageID 1246

3.  **Reopening Childrey's Deposition**

Timothy Childrey, President of Defendants AWS and Airquest, was deposed pursuant to Plaintiff's Rule 30(b)(6) deposition notice. Plaintiffs seek to reopen Childrey's deposition, claiming that Childrey made material changes to his testimony through the errata sheet. Although Plaintiffs claim that the changes on the errata sheet are "sweeping, material changes," only three specific examples are provided in the motion. Because Local Rule 3.04(a) requires the moving party to quote in full the deposition question and answer at issue in the motion, the Court's review is limited to the three specific changes identified in the motion. Defendants oppose the motion, arguing that the changes were insubstantial, the questions involve irrelevant matters and matters outside the scope of the deposition notice.

   a.  <u>Amount of Debt Service Payment</u>

Childrey was questioned regarding the amount of monthly debt service on the aircraft. Childrey responded that the amount was approximately $600,000 per year, but he did not recall whether that amount was before or after the amended lease. On the errata sheet, Childrey stated, "My recollection was incorrect, it is not $600,000."

Defendants argue that because Childrey expressed doubt at the time of his deposition, correction in the errata sheet is favored. While Defendants are correct regarding this general precept, they are incorrect in its application. First, Childrey did not express doubt about the amount, only when the amount was paid. Second, Childrey's change materially alters his answer and renders that portion of the deposition incomplete. *See Bay State HMO Mgmt. v. Tingley Sys.*, 152 F. Supp. 2d 95, 121 (D. Mass. 1995).

Defendants alternately argue that the amount of debt service is irrelevant to any claim or defense in the case. Defendants did not object at the time the question was asked nor seek a protective order prior to Plaintiffs filing this motion. The Court does not condone untimely objections raised in response to a motion to compel. The objection for purposes of this deposition, therefore, has been waived.

The Court grants the motion to reopen Childrey's deposition on the limited issue of the basis for the change in his testimony and the amount of the debt payment.

    b.    <u>Profit Flow</u>

Childrey was asked whether profits from Presidential Airways would flow to AWS, and Childrey responded "I'm not sure, but I think generally, yes." Childrey's errata sheet states, "This answer was not correct because we have never moved Presidential's profits to AWS." Unlike the prior question regarding debt service, Childrey's correction here does not materially alter his testimony given his clear expression of doubt at the time of his deposition nor is the correction incomplete. Childrey is not required to provide additional deposition testimony regarding this question.

    c.    <u>Defendants' Investigation</u>

Plaintiffs asked Childrey, "Did Presidential Airways or Aviation Worldwide Services conduct any investigation into the circumstances of the crash?" Childrey responded, "no." Childrey's errata sheet states "My answer 'no' was based on my understanding that Presidential did not formally conduct an investigation. However Presidential did send personnel to Afghanistan to assist the military in its investigation and also provided personnel and resources to the NTSB to assist with their official investigation."

Although Defendants did not object at the time of the deposition, Defendants now object that the subject matter of the investigation is outside the scope of the Rule 30(b)(6) deposition notice. The requirement that the party noticing the deposition "describe with reasonable particularity the matters on which the examination is requested" does not limit the scope of the deposition to the contents of the notice. *See Detoy v. City & County of San Francisco*, 196 F.R.D. 362, 366 (N.D. Cal.2000); *Cabot Corp. v. Yamulla Enterprises, Inc.*, 194 F.R.D. 499, 500 (M.D. Pa.2000); *Overseas Private Inv. Corp. v. Mandelbaum*, 185 F.R.D. 67, 68 (D.D.C.1999); *King v. Pratt & Whitney*, 161 F.R.D. 475 (S.D. Fla.1995). Once the deponent has satisfied his or her minimum obligation by responding to questions on matters set forth in the notice of deposition, then the scope of the deposition is determined solely by relevance. *Detoy*, 196 F.R.D. at 366; *King*, 161 F.R.D. at 476.[2]

Any investigations conducted regarding the crash clearly could lead to the discovery of admissible evidence, and Plaintiffs were allowed to ask Childrey about his personal knowledge of any investigations. The issue to be determined by this motion, however, is whether Childrey's change materially alters his answer and renders that portion of the deposition incomplete.

Childrey's change materially alters his testimony and renders that portion of his deposition incomplete. Childrey's deposition may be reopened and Childrey may be questioned on the limited issue of the basis for the change in his testimony and his personal knowledge of the investigations in which Presidential Airways or Aviation Worldwide Services participated.

---

[2] Of course, the deponent may object on the record that questions beyond the scope of the Rule 30(b)(6) designation are not intended as the answers of the designating party and do not bind the designating party. *See Detoy*, 196 F.R.D. at 367.

## CONCLUSION

Plaintiffs' motion to compel the depositions of Robert Gamache, Kevin McBride, Hans Nobles, Rick Furby, and Erik Prince is denied without prejudice. Plaintiffs' motion to reopen the deposition of Timothy Childrey is granted in part and denied in part.

**DONE** and **ORDERED** in Orlando, Florida on January 18, 2006.

*[signature]*
JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE