# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JEANETTE McMAHON, as Personal Representative of the Estate of Michael McMahon; TRACY GROGAN, as Personal Representative of the Estate of Travis Grogan; and SARAH MILLER, as Personal Representative of the Estate of Harley Miller,**

        **Plaintiffs,**

**-vs-**                                                  **Case No. 6:05-cv-1002-Orl-28GJK**

**PRESIDENTIAL AIRWAYS, INC., AVIATION WORLDWIDE SERVICES, LLC, STI AVIATION, INC., AIR QUEST, INC.,**

        **Defendants.**

## ORDER

This cause is before the Court on the Emergency Motion to Strike Plaintiffs' Rebuttal Expert and to Preclude the Rebuttal Expert from Testifying at Trial (Doc. 228) filed by Presidential Airways, Inc., Aviation Worldwide Services, LLC, STI Aviation, Inc., and Air Quest, Inc. (collectively "Defendants"). Plaintiffs have filed a Response (Doc. 234) to the motion, and the Court now issues the following ruling thereon.

Defendants request that this Court strike Plaintiffs' rebuttal expert Gregory A. Feith ("Feith") and preclude him from testifying at trial. (Doc. 228 at 1). Defendants aver that Plaintiffs' June 16, 2009 service of a Disclosure of Rebuttal Expert Witness designating Feith as an "aviation safety and aircraft accident reconstruction" expert is improper because

Plaintiffs did not first obtain leave of Court. (Id. at 3). Defendants argue that neither the Case Management Report nor the Case Management and Scheduling Order allows for any rebuttal experts, stating that "[i]t is clear from the jointly filed Case Management Report that the parties did not intend for either side to have a right to rebuttal witnesses. The Court's own Case Management Order is just as clear, providing no date for rebuttal disclosures." (Id. at 2-3). Additionally, in the event that the Court finds that rebuttal witnesses are permitted, Defendants request that the Court strike Feith's expert report under Federal Rule of Civil Procedure 26(a)(2)(C) and Federal Rule of Evidence 403 as not providing true rebuttal testimony, cumulative, and unfairly prejudicial. (Id. at 7).

In setting the time for parties to disclose expert testimony, Federal Rule of Civil Procedure 26 provides that a "party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). Rule 26 further states that "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)," then the witness providing the rebuttal must be disclosed within thirty days after the disclosure of the expert to be rebutted. Fed. R. Civ. P. 26(a)(2)(C)(ii). Defendants served their expert witness disclosures on May 29, 2009; Plaintiffs served their rebuttal disclosure eighteen days later, on June 16, 2009, within the thirty-day time frame set forth under Rule 26(a)(2)(C)(ii). Because the Court has not ordered any deadlines for the disclosure of rebuttal witnesses, the general provision of Rule 26(a)(2)(C) applies. Additionally, the Court finds that Feith is a proper rebuttal witness and that he provides true rebuttal testimony that is neither cumulative nor unfairly prejudicial.

Plaintiffs have timely disclosed their expert witness, and Defendants' motion (Doc. 228) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 14th day of July, 2009.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party