UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEANETTE McMAHON, as Personal
Representative of the Estate of Michael
McMahon; TRACY GROGAN, as
Personal Representative of the Estate of
Travis Grogan; and SARAH MILLER, as
Personal Representative of the Estate of
Harley Miller,
        Plaintiffs,

-vs-                                              Case No. 6:05-cv-1002-Orl-28GJK

PRESIDENTIAL AIRWAYS, INC., and
AVIATION WORLDWIDE SERVICES,
LLC,
        Defendants.

## ORDER

This cause is before the Court on the Petition for Certification Under the Westfall Act (Doc. S-4) filed by Defendants, Presidential Airways, Inc., Aviation Worldwide Services, LLC, STI Aviation, Inc., and Air Quest, Inc. (collectively, "Defendants").[1] Plaintiffs have filed a response (Doc. S-5) thereto. Additionally, the United States has made an appearance in this action for the limited purpose of filing a response in opposition to Defendants' request.[2] (See Docs. 219 & 225). The matter is now ripe for adjudication.

---

[1] Presidential Airways, Inc., Aviation Worldwide Services, LLC, STI Aviation, Inc., and Air Quest, Inc. jointly filed the petition. However, since that filing, STI Aviation, Inc. and Air Quest, Inc. have been dismissed from this suit. (See Docs. 244 & 288).

[2] Though the United States is listed as an intervenor, the United States is not a party because, to this date, it has declined to intervene in this action.

In its motion, Defendants requests certification under the Westfall Act. The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, permits the Attorney General to certify that an "employee of the government"[3] who is sued for a wrongful or negligent act "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 419-20 (1995) (citing 28 U.S.C. § 2679(d)(1). Upon such a certification, "the employee is dismissed from the action and the United States is substituted as defendant." Id. at 420.

Defendants first petitioned the Department of Justice for Westfall certification on April 18, 2008, nearly three years after suit was initially filed. Because the Attorney General failed to act upon the request, Defendants petitioned this Court to review the Attorney General's failure to certify them as "employee[s] of the government" who were "acting within the scope of [their] office or employment" at the time of the crash at issue. "In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment." 28 U.S.C. § 2679(d)(3).

---

[3]An "employee of the government" is defined as including (1) officers or employees of any federal agency, (2) members of the military or naval forces of the United States, (3) members of the National Guard while engaged in certain training or duties, (4) "persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation," and (5) any officer or employee of a Federal public defender organization. 28 U.S.C. § 2671. "Federal Agency" is defined as "the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States." Id.

Plaintiffs oppose Defendants' motion because, among other reasons, the motion is procedurally improper. The Court agrees. Defendants' inordinate delay in petitioning the Attorney General for certification is sufficient reason to deny this request. When seeking certification under the Westfall Act, the statute requires that:

> The employee . . . *shall deliver within such time after date of service or knowledge of service as determined by the Attorney General*, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the head of his department to receive such papers and such person *shall promptly furnish copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of his employing Federal agency.*

28 U.S.C. § 2679(c) (emphasis added). Additionally, the Attorney General has determined that an employee seeking protection under this statute "shall *promptly* deliver all process and pleadings served on the employee, or an attested true copy thereof, to the employee's immediate superior or to whomever is designated by the head of the employee's department or agency to receive such papers." 28 C.F.R. § 15.2(a). "In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment." 28 U.S.C. § 2679(d)(3).

This suit was filed on June 10, 2005 and removed to federal court on July 6, 2005. Defendants assert that they "did not unreasonably delay their request for Westfall certification" and that "the Act itself provides employees the right to petition the Court for certification 'at any time before trial.'" (See Doc. 236 at 1 n.1 (citing 28 U.S.C. § 2679(d)(3))). However, though the statute does allow a defendant to petition the court for

certification at any time prior to trial, this right presupposes that a defendant timely raised the initial request for certification with the Attorney General. Given the nearly three-year delay before Defendants first requested certification from the Attorney General while at the same time vigorously defending this action on other fronts, including the filing of three motions to dismiss, the Court finds that Defendants waived their right to seek Westfall certification. Though the Court does not establish what would constitute the required prompt delivery of process and proceedings to the Attorney General under 28 U.S.C. § 2679(c) and 28 C.F.R. § 15.2(a), the Court finds that a three-year delay does not meet this standard. Alternatively, Defendants' request is denied because a corporation is not an "employee of the government" as that term is used in 28 U.S.C. §§ 2671, 2679. See Adams v. United States, 420 F.3d 1049, 1054-55 (9th Cir. 2005).

Accordingly, Defendants' Petition for Certification under the Westfall Act (Doc. S-4) is **DENIED**. Additionally, the Motions for Leave to File Supplemental Memorandum in Support of Defendants' Westfall Act Petition (Docs. 272 & 289) are **DENIED** as **MOOT**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 28 day of September, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party