UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

JEANETTE McMAHON, as Personal
Representative of the Estate of Michael
McMahon, TRACY GROGAN, as Personal
Representative of the Estate of Travis Grogan,
and SARAH MILLER, as Personal
Representative of the Estate of Harley Miller,

        Plaintiffs,

v.                                     Case No: 6:05-cv-1002-Orl-28GJK

PRESIDENTIAL AIRWAYS, INC.,
AVIATION WORLDWIDE SERVICES,
LLC, STI AVIATION, INC., and
AIR QUEST, INC.,

        Defendants.

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS

Plaintiffs hereby oppose Defendants' Motion for Leave to File Supplemental Memorandum in Support of Defendants' Renewed Motion to Dismiss ("Motion to Supplement"), and say:

The Motion to Supplement should be denied.

First, the Motion to Supplement should be denied because the time for filing dispositive motions has passed. Discovery closed in July, 2009. Dkt. 164. The deadline for filing dispositive motions expired in August, 2009. *Id.* Had Defendants believed the Renewed Motion to Dismiss ("RMTD") was not complete in light of the completed discovery, Defendants could have filed a new or amended motion to dismiss that included references to that discovery before the expiration of the dispositive-motions deadline. Indeed, Defendants have known since

1

Plaintiffs and the Government responded to the Petition for Certification under the Westfall Act that Plaintiffs were going to rely upon excerpts from the obtained discovery depositions to argue that the military did not have the right to control, nor did it actually control, Defendants' operations in Afghanistan and, therefore, that political questions and issues of derivative sovereign immunity were not implicated in this case. *See* Dkt. 316, 225. Those responses were filed before the close of discovery and the expiration of the dispositive-motions deadline. In light of Plaintiffs' arguments based upon the discovery, if Defendants had thought the RMTD did not sufficiently address that evidence, Defendants should have amended the RMTD to include references to the relevant facts revealed through discovery prior to the expiration of the dispositive-motions deadline. Because Defendants chose to let the dispositive-motions deadline pass without amending the RMTD, however, Defendants should not be permitted to do so now. Thus, the Motion to Supplement should be denied.

The fact that an appeal was pending in the Eleventh Circuit when the dispositive-motions deadline ran does not change this result. The pending appeal related to the scope of discovery, not the merits of the RMTD. Neither this Court nor the Eleventh Circuit granted a stay pending appeal. In addition, a proper interlocutory appeal divests this Court of jurisdiction only over those matters actually at issue in the appeal. *See Green Leaf Nursery v. E.I. Dupont De Nemours and Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) (*quoting Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402 (1982) (other citations omitted), *reh. and reh. en banc denied*, 87 Fed. Appx. 716 (11th Cir. 2003), *cert. denied*, 541 U.S. 1037, 124 S.Ct. 2094 (2004); *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (citations omitted); *Doe v. Bush*, 261 F.3d 1037, 1064-65 (11th Cir. 2001), *cert. denied*, 534 U.S. 1104, 122 S.Ct. 903 (2002). As a result, Defendants were free to amend the RMTD without affecting the appeal.

Even if amending the RMTD would have potentially rendered the pending discovery-related appeal moot, it was nevertheless Defendants' choice to stubbornly stand by their appeal and even to ask the Eleventh Circuit to improperly expand the scope of that appeal to include not only the merits of the RMTD, but also the evidence obtained during the pendency of the appeal. Indeed, Defendants were asking the Eleventh Circuit to supplant this Court's fact-finding function and to rule upon the RMTD without providing this Court the opportunity to do so in the first instance. The Eleventh Circuit refused Defendants' inappropriate request and remanded the appeal to this Court for a ruling on the RMTD. Dkt. 304. Because all of these events were orchestrated by Defendants to support their long-standing strategy of delaying trial at all costs, Defendants should be forced to live with the consequences of that strategy. Therefore, the Motion to Supplement should be denied.

Second, the Motion to Supplement should be denied because to the extent Defendants now believe the RMTD is either legally or factually insufficient on its face, that insufficiency was created by Defendants' own duplicitous and obstructive trial strategy. In *McMahon v. Presidential Airways, Inc.*, the Eleventh Circuit expressly stated that Plaintiffs were entitled to discovery before Plaintiffs' case could be dismissed on political question grounds. 502 F.3d 1331, 1360 n.28 (11th Cir. 2007). Nevertheless, when *McMahon* was remanded to this Court, Defendants did not wait until after the completion of the contemplated discovery to file the RMTD. Rather, Defendants immediately filed the RMTD (as well as other so-called dispositive motions) and then filed multiple motions either to preclude Plaintiffs from taking any discovery whatsoever or to so limit Plaintiffs' right to discovery as to render it meaningless. *See* Dkt. 157, 167, 178, 183, 195, 198, 201. Because Defendants chose to file the RMTD before the contemplated discovery had even started and tried to block that discovery at every turn,

Defendants should not now be heard to complain that they have been disadvantaged by the procedural history of this case – a procedural history specifically orchestrated by Defendants. Defendants could have avoided the very problem about which they now complain had they simply played by the rules, accepted the admonition of the Eleventh Circuit in *McMahon*, and waited to file any renewed motion to dismiss until after the completion of the discovery contemplated by *McMahon*. This issue could also have been avoided had Defendants merely amended the RMTD before the expiration of the dispositive-motions deadline. Because Defendants chose a procedural route specifically designed to prejudice Plaintiffs and to delay the trial of this matter, the Motion to Supplement should be denied.

Third, the Motion to Supplement should be denied because it is yet another thinly veiled attempt to delay the trial of this matter. This case is set for trial in January, 2010. Dkt. 164. The Eleventh Circuit recently remanded Defendants' appeal related to the scope of discovery with instructions for the Court to rule upon the RMTD before trial. Dkt. 304. The RMTD is now fully briefed and ready for a ruling. *See* Dkt. 312, 188, 302. Because Defendants are afraid that an immediate ruling will not delay the impending trial, Defendants are looking for ways to delay a ruling on the RMTD as a back-door attempt to postpone the trial. Indeed, Defendants have even filed a Motion for Stay in this Court seeking to stay all further pretrial proceedings, including a ruling on the RMTD, pending Defendants' appeal of this Court's denial of the Petition for Certification under the Westfall Act. Dkt. 298. With the trial finally looming ahead, Defendants are, quite simply, looking for any possible way to delay the trial. The Motion to Supplement is just one more procedural ploy intended to do just that. As a result, it should be denied.

## CONCLUSION

For the foregoing reasons, the Motion to Supplement should be denied.

Respectfully submitted,

**SPOHRER & DODD, PL**

/s/ Galen D. Bauer
**ROBERT F. SPOHRER, ESQ.**
Florida Bar No. 184500
**GALEN D. BAUER, ESQ.**
Florida Bar No.: 14156
Spohrer & Dodd, P.L.
701 West Adams Street, Suite 2
Jacksonville, FL 32204
PH: 904-309-6500
FAX: 904-309-6501
Email: rspohrer@sdlitigation.com
Email: gbauer@sdlitigation.com
*Attorneys for Plaintiffs*

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the CM/ECF system of the United States District Court, Middle District of Florida, this 28th day of October, 2009, and will be served electronically on all CM/ECF participants in this case.

/s/ Galen D. Bauer
Attorney