UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEANETTE McMAHON, as Personal
Representative of the Estate of Michael
McMahon; TRACY GROGAN, as
Personal Representative of the Estate of
Travis Grogan; and SARAH MILLER, as
Personal Representative of the Estate of
Harley Miller,

    Plaintiffs,

-vs-                                                Case No. 6:05-cv-1002-Orl-28GJK

PRESIDENTIAL AIRWAYS, INC.,
AVIATION WORLDWIDE SERVICES,
LLC, STI AVIATION, INC., AIR QUEST,
INC.,

    Defendants.

## ORDER

This cause is before the Court on the following motions:

1. Defendants' "Motion for Preliminary Pretrial Conference" (Doc. 245);

2. Defendants' "Motion to Stay All Remaining Pre-Trial Matters and Judicial Proceedings, Pending Ruling by the Eleventh Circuit" (Doc. 263);

3. Defendants' "Motion to Stay All Remaining Pre-Trial Matters and Judicial Proceedings, Pending Ruling by the Eleventh Circuit on Defendants' Appeal of the District Court's Denial of Their Petition for Certification Under the Westfall Act" (Doc. 298);

4. Defendants' "Motion for Reconsideration of the Court's September 27, 2006 Order

Denying Their Motion to Dismiss on the Basis of the Combatant Activities Exception" (Doc. 326)[1].

## II. Discussion

Of these motions, only Defendants' motion for reconsideration merits discussion. Defendants request that the Court reconsider its September 27, 2006 Order (Doc. 117) in which the Court rejected Defendants' argument that the combatant activities exception to the Federal Tort Claims Act ("FTCA") preempted Plaintiffs' claims, alleging that the Order merits reconsideration due to "significant changes in both the 'factual [and] legal underpinnings[s].'" (Doc. 326 at 9 (quoting Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993) (alterations in original))). Specifically, Defendants state that the Court's ruling should be "reevaluated in light of the D.C. Circuit's decision in [Saleh v. Titan Corp., 580 F.3d 1 (D.C. Cir. 2009)] and new facts obtained during discovery since the Court's decision was rendered." (Doc. 326 at 10). Plaintiffs counter that Defendants' motion should be denied because it is really a motion for summary judgment due to Defendants' referral "to matters outside the four corners of the Amended Complaint" and because the time for filing motions for summary judgment has expired. (Doc. 305 at 8). Alternatively, Plaintiffs argue that Defendants' motion should be denied because there has been no change in controlling law and because the Court may not consider matters outside the four corners of the Amended Complaint due to Defendants' original motion to dismiss being brought under Federal Rule of Civil

---

[1]This motion was originally filed under seal as Sealed Document #15, but the Court unsealed the motion for reconsideration pursuant to its October 26, 2009 Order (Doc. 311).

Procedure 12(b)(6).[2]

To prevail on a motion for reconsideration, "the moving party must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." <u>Instituto de Prevision Militar v. Lehman Bros., Inc.</u>, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (internal quotation omitted). "'Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.'" <u>Id.</u> (quoting <u>Cover v. Wal-Mart Stores, Inc.</u>, 148 F.R.D. 294, 295 (M.D. Fla. 1993)). Defendants have not met any of these grounds. The <u>Saleh</u> opinion does not constitute an intervening change in controlling law, nor would it be proper to consider material not contained in the Amended Complaint when reconsidering a motion to dismiss pursuant to Rule 12(b)(6). Accordingly, Defendants' motion to reconsider is denied.

### III. Conclusion

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

---

[2]In Defendants' Motion to Dismiss (Doc. 40), Defendants purportedly moved to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 40 at 1). However, in the accompanying "Memorandum of Points and Authorities in Support of Motion to Dismiss," Defendants state that "dismissal pursuant to Fed. R. Civ. P. 12(b) is necessary because . . . 'it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim[s] which would entitle [them] to relief,'" setting forth the standard for a Rule 12(b)(6) dismissal as articulated by the U.S. Supreme Court in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957), a standard that has since been reformulated. (Attach. to Doc. 40 at 2 (quoting <u>Magluta v. Samples</u>, 256 F.3d 1282, 1283-84 (11th Cir. 2001)). Other than that statement, Defendants made no attempt to delineate whether they were seeking dismissal pursuant to Rule 12(b)(1) or 12(b)(6) for their various arguments.

1. Defendants' "Motion for Reconsideration of the Court's September 27, 2006 Order Denying Their Motion to Dismiss on the Basis of the Combatant Activities Exception" (Doc. 326) is **DENIED**.

2. Defendants' "Motion to Stay All Remaining Pre-Trial Matters and Judicial Proceedings, Pending Ruling by the Eleventh Circuit on Defendants' Appeal of the District Court's Denial of Their Petition for Certification Under the Westfall Act" (Doc. 298) is **GRANTED**. This case is removed from the January 2010 trial calendar. Further, in accordance with the Eleventh Circuit's directive, trial will not be rescheduled until the Court has ruled on Defendants' Renewed Motion to Dismiss (Doc. 312).

3. Defendants' "Motion to Stay All Remaining Pre-Trial Matters and Judicial Proceedings, Pending Ruling by the Eleventh Circuit" (Doc. 263) is **DENIED AS MOOT**.

4. Defendants' Motion for Preliminary Pretrial Conference (Doc. 245) is **DENIED WITHOUT PREJUDICE**.

5. The Clerk is hereby directed to stay this case, abate all pending motions, and administratively close this file pending resolution of Defendants' appeal of this Court's denial of petition for certification under the Westfall Act.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this ___6th___ day of November, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record